# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-1246V

CHERISSE WEEKLY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: April 15, 2026

*Daniel Alholm, Alholm Law PC, Chicago, IL, Washington, for Petitioner.*

*Sara DeStefano, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 29, 2025, Cherisse Weekly filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on January 18, 2024. Petition at 1. On February 10, 2026, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 17. Also, on February 10, 2026, I issued a decision awarding damages to Petitioner based on the Respondent's proffer. ECF No. 18.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $21,729.83 (representing $20,226.50 in fees plus $1,503.33 in costs). Application for Attorneys' Fees and Costs ("Motion") filed February 18, 2026, ECF No. 22. Furthermore, Petitioner filed a signed statement representing that no personal out of pocket expenses were incurred. ECF No. 15.

Respondent reacted to the motion on February 20, 2026, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 23. Petitioner indicated thereafter that she does not intend to file a substantive reply. ECF No. 24.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner requests the rate of $550.00 for work performed in 2026 by attorney Daniel Alholm. This represents a rate increase of $50.00 from the previous year. Petitioner requests a paralegal rate of $200.00 for paralegal work performed in 2026 by attorney Daniel Alholm. Petitioner also requests a rate of $200.00 for work performed in 2026 by paralegal Grace Cottingham. These rates are all reasonable and are hereby awarded herein.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 22-3 at 2-9. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$21,729.83 (representing $20,226.50 in fees plus $1,503.33 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.